IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QEXEZ, LLC, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | |
| § | JURY TRIAL DEMANDED |
| KEYNOTE SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Qexez, LLC ("QE" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendant Keynote Systems, Inc. ("Keynote" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1.   This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,596,373 entitled "*Method and System For Quality of Service (QOS) Monitoring For Wireless Devices*" ("the '373 patent"; referred to as "the Patent-in-Suit"). A copy of the '373 Patent is attached hereto as Exhibit A. QE is the assignee of the Patent-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2.   Plaintiff Qexez LLC is a limited liability company organized and existing under the laws of Texas with its principal place of business at 430 North Center Street, Suite 100, Longview. Texas 75601. QE is the assignee of all title and interest of the Patent-in-suit and possesses the entire right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Keynote Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 777 Mariners Island Boulevard, San Mateo, CA 94404.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to businesses in Texas and in this Judicial District.

6. More specifically, Defendant, directly and/or through intermediaries, utilizes, distributes, offers for sale, sells, advertises, uses, performs, and/or maintains wireless test solutions that practice methods of monitoring quality of service associated with a packet-based wireless network in the United States, the State of Texas, and the Eastern District of Texas. Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. QE refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. United States Patent No. 7,596,373 entitled "*Method and System For Quality of Service (QOS) Monitoring For Wireless Devices*" was duly and legally issued by the United States Patent and Trademark Office on September 29th, 2009 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '373 patent and possesses all rights of recovery under the '373 patent including the right to sue for infringement and recover past damages.

10. Defendant utilizes, uses, performs, maintains, operates, advertises, controls, sells, and otherwise provides hardware and software that infringes the '373 patent. The '373 patent provides, among other things, a "method of monitoring quality of service associated with a packet-based wireless network, the wireless network including at least one wireless device and a fixed transceiver wherein the wireless device comprises a mobile handset having an internal processor, an internal memory and a user input for input of data by a user of the wireless device, the method comprising: embedding a program in the processor for processing quality of service data in the handset, monitoring, by the wireless device, communication data packets associated with a communication link established between the wireless deice and the wireless network; determining at least one quality of service metric to measure with respect to a user of the wireless device; receiving quality of service data from the communication data packets relevant to determine a quality of service; storing quality of service data in the memory of the handset; processing the quality of service data in the handset in a manner relevant to determining the

quality of service sing the embedded quality of service program in the processor; and, wirelessly providing the processed data to the fixed transceiver wherein at least one quality of service data is input by the user using the wireless device."

11.     Defendant has infringed and continues to infringe one or more claims of the '373 patent by making, using, providing, offering to sell, selling, utilizing, using, performing, and/or maintaining (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods to monitor quality of service data for wireless devices by way of a mobile handset, transreceiver, and wireless device.  More particularly, Defendant sells and/or requires and/or directs users to access and/or use hardware components communicating with a software system on a wireless device that formulates quality of service data to assesses health of mobile devices and their respective networks in a manner claimed in the '373 patent.  Defendant infringes the '373 patent by providing a method and system that monitors quality of service for wireless devices.

12.     Defendant infringes the '373 patent by providing customers a variety of tools and systems designed to assess and manage their wireless devices and network health, including linking the hardware and software to facilitate quality of service parameters.  The wireless handset links to a user's wireless device (desktop computer, laptop, or any wireless device with the Defendant's software) through a cloud-based infrastructure ("receiver").  The computer, or wireless device, processes the information communicated from the mobile handset and receiver using the Defendant's software to monitor values corresponding to relevant quality of service parameters.  These parameters allow the software to identify network problems as the linked receiver and mobile handset move through the network.

13. The user's mobile phone, the mobile handset, stores the data used to generate relevant quality of service measurements in memory. The Defendant infringes the '373 patent when the inbound information corresponds to quality of service data that the computer, the wireless device, aggregates for access by the user to correspond to relevant quality of service values.

14. Defendant also has infringed under 35 U.S.C. § 271(b) by inducing infringement of the '373 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '373 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the '373 Patent to the injury of QE. For example, Defendant's application software accepts inbound information and parameters from cloud-based infrastructure, and mobile handsets linked to a desktop computer, laptop, or other wireless device interacting with the Defendant's software thereby inducing others to perform the remaining steps claimed by the '373 Patent. Since at least the original filing date of this complaint, defendant has had knowledge of the '373 patent, and by continuing the actions described above, has had the specific intent to induce infringement of the '373 patent pursuant to 35 U.S.C. § 271(b).

15. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's exclusive rights under the '373 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

19. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '373 patent has been infringed, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, and (2) inducing infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. Any further relief that this Court deem just and proper.

Dated: December 3, 2012			Respectfully submitted,


By:	/s/Andrew W. Spangler_____
	Andrew Spangler, Esq.
	State Bar No.   24041960
	email address: spangler@sfipfirm.com
	Attorney-in-Charge

	**SPANGLER & FUSSELL P.C.**
	**208 North Green Street**
	**Suite 300**
	**Longview, TX 75601**
	Phone: (903) 753-9300
	Fax: (903) 553-0403

	James A. Fussell, III, Esq.
	AR State Bar No.  2003193
	Email address: fussell@sipfirm.com

	**SPANGLER & FUSSELL P.C.**
	**211 N. Union Street, Suite 100**
	**Alexandria, VA 22314**
	Phone: (903) 753-9300
	Fax: (903) 553-0403


	**ATTORNEYS FOR PLAINTIFF**
	**QEXEZ, LLC**